1   Douglas C. Erickson, No. 012130
    derickson@mmcec.com
2   Daniel D. Maynard, No. 009211
    dmaynard@mmcec.com
3   **MAYNARD CRONIN ERICKSON**
    **CURRAN & REITER, P.L.C.**
4   3200 North Central Avenue, Ste. 1800
    Phoenix, Arizona 85012
5   (602) 279-8500

6   Attorneys for Plaintiffs

7                   **UNITED STATES DISTRICT COURT**

8                   **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 9   William Gardner, an individual; Way Too Cool, LLC, an Arizona limited liability company, | No. _____ |
| 11                                  Plaintiffs, | **COMPLAINT** |
| 12   v. | |
| 13   Engenious Designs, LLC; Rhett Peterson, an individual; Mark Cole, an individual; Nicholas R. Brown and Jaci D. Brown, husband and wife; Fluorescent Mineral Society, a foreign entity; FMS Mineral Group (on Facebook), a foreign entity; Fluorescent Mineral Mart (on Facebook), a foreign entity, | |
| 17                                  Defendants. | |

18          Plaintiffs, William Gardner ("Gardner") and Way Too Cool, LLC ("WTC"), for their

19   Complaint against the defendants, allege as follows:

20                   **PARTIES, JURISDICTION, AND VENUE**

21          1.      Plaintiff Gardner is an individual residing in Maricopa County, Arizona.

22          2.      Plaintiff WTC is a limited liability company duly organized under the laws of the

23   State of Arizona, with its principal place of business in Glendale, Arizona.

24          3.      Defendant Engenious Designs, LLC ("Engenious") is a foreign entity doing

25   business with a regular and established place of business in Louisburg, Kansas.  It does

26

business throughout the country, and specifically within the State of Arizona. It markets, sells, offers for sale, and/or distributes certain products in the State of Arizona, among other places.

4.      Upon information and belief, Defendant Rhett Peterson is an individual, who resides in Missouri, but does business and/or sends communications throughout the country, and specifically within the State of Arizona. He markets, sells, offers for sale, distributes, and/or facilitates the same as to certain products in the State of Arizona, among other places.

5.      Upon information and belief, Defendant Mark Cole is an individual, who resides in Tennessee, but does business and/or sends communications throughout the country, and specifically within the State of Arizona. He markets, sells, offers for sale, distributes, and/or facilitates the same as to certain products in the State of Arizona, among other places.

6.      Upon information and belief, Defendants Nicholas R. Brown and Jaci D. Brown, upon information and belief, are husband and wife, who reside in Kansas, but do business and/or sends communications throughout the country, and specifically within the State of Arizona. They market, sell, offer for sale, distribute, and/or facilitate the same as to certain products in the State of Arizona, among other places.

7.      Upon information and belief, Defendant Fluorescent Mineral Society is a foreign entity or association, doing business with a regular and established place of business in California.  It does business and/or sends communications throughout the country, and specifically within the State of Arizona. It markets, sells, offers for sale, distributes, and/or facilitates the same as to certain products in the State of Arizona, among other places.

8.      Upon information and belief, Defendant FMS Mineral Group is a foreign entity or association, doing business with a regular and established place of business in California. It does business and/or sends communications throughout the country, and specifically within the State of Arizona. It markets, sells, offers for sale, distributes, and/or facilitates the same as to certain products in the State of Arizona, among other places.

9.      Upon information and belief, Defendant Fluorescent Mineral Mart is a foreign entity.  It does business and/or sends communications throughout the country, and specifically within the State of Arizona. It markets, sells, offers for sale, and/or distributes certain products in the State of Arizona, among other places.

10.      This is an action for patent infringement arising under the patent laws of the United States, namely, 35 U.S.C. §§ 271, *et seq.*  This Court has jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), and 1367.

11.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

### ALLEGATIONS OF INFRINGEMENT

12.      On August 24, 2010, Patent No. 7,781,751 for a "Portable Wavelength Transforming Converter for UV LEDs" issued.  The patent is referred to hereinafter as "the 751 Patent."

13.      Gardner is the inventor and owner of the 751 Patent.

14.      WTC designs, manufactures, markets, and sells certain ultraviolet flashlights and lamps, which are used in connection with rock and mineral examination and collection, among other things.

15.      WTC licenses the 751 Patent technology and sells products utilizing it.

16.      Defendants have infringed the 751 Patent by designing, making, manufacturing, distributing, marketing, offering for sale, and/or selling products or systems that fall within the scope of the 751 Patent claims, including but not limited to products referred to as DBL BARREL, PRPLHAZE, and other names.

17.      Defendants have contributorily infringed the 751 Patent by inducing others to use and practice a product or system that falls within the scope of the 751 Patent claims.

18.      Defendants have also created or provided a platform, network, or forum for others to post, market, offer to sell, sell, and/or distribute infringing products.

19. Defendants have continued to infringe and/or induce infringement of the 751 Patent even after having an opportunity to learn, study, and analyze the claims of the patent.

20. Upon information and belief, Defendants will continue to infringe unless enjoined by the Court; Defendants' infringement of the patent is willful; and Plaintiffs have no plain, speedy, or adequate remedy at law.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. That Defendants and their officers, agents, servants, employees, attorneys, successors and assigns, distributors, dealers, and those in active concert and participation with them be preliminarily and permanently enjoined from infringing the 751 Patent and from inducing others to infringe said patent or facilitating infringement;

B. That Plaintiffs be awarded compensatory damages in an amount to be determined at trial;

C. That said damages be trebled, pursuant to 35 U.S.C. § 284;

D. That Plaintiffs be awarded attorneys' fees, pursuant to 35 U.S.C. § 285;

E. That Plaintiffs be awarded interest and costs; and

F. For such other relief as the Court deems just and proper.

## JURY DEMAND

A trial by jury is hereby demanded as to all issues triable to a jury by law.

DATED this 29th day of January, 2020.

**MAYNARD CRONIN ERICKSON**
**CURRAN & REITER, P.L.C.**


By:  /s/Douglas C. Erickson
　　　Douglas C. Erickson
　　　Daniel D. Maynard
　　　3200 North Central Ave., Ste. 1800
　　　Phoenix, Arizona  85012
　　　Attorneys for Plaintiffs

- 4 -

1   **ORIGINAL** of the foregoing filed this 29ᵗʰ day of January, 2020 via ECF with:

2   Clerk of the Court
    United States District Court
3   401 W. Washington
    Phoenix, AZ 85003
4

5
    By   /s/Stacey McClellan
6   F:\CLIENTS\GARDNER.13629\PLDG\CX.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26